# In the United States Court of Federal Claims

No. 19-408C
(Filed: March 25, 2019)
NOT FOR PUBLICATION

```
*****************************************
HAWA KANDAKAI,                          *
                                        *
                Plaintiff,              *     Sua Sponte Dismissal; Pro Se Plaintiff;
                                        *     Subject-Matter Jurisdiction; RCFC
        v.                              *     12(h)(3); 28 U.S.C. § 1331; Collateral
                                        *     Attack of Prior Decisions; Equitable Relief;
THE UNITED STATES,                      *     In Forma Pauperis
                                        *
                Defendant.              *
*****************************************
```

## OPINION AND ORDER

In this case, pro se plaintiff Hawa Kandakai seeks a temporary restraining order and a permanent injunction enjoining a New York state court from proceeding with a foreclosure action. Ms. Kandakai also filed an application to proceed in forma pauperis. As explained below, the court lacks jurisdiction to consider Ms. Kandakai's claims. Thus, without awaiting a response from defendant, the court grants her application to proceed in forma pauperis and dismisses her complaint.

## I. BACKGROUND

In May 2007, Ms. Kandakai and Joshua Weah executed a $532,000 mortgage to secure a note of the same amount.[1] U.S. Bank Nat'l Ass'n v. Kandakai, Index No. 135131/2017, slip op. at 2 (N.Y. Sup. Ct. Richmond Cty. Nov. 23, 2018). Ms. Kandakai and Mr. Weah used the proceeds of the note, on which Ms. Kandakai was the only obligor, to purchase a two-unit residential property located at 145 Nicholas Avenue in Staten Island, Richmond County, New York ("145 Nicholas Avenue"). Compl. ¶ 4, Sch. A at 4, & Sch. B, U.S. Bank Nat'l Ass'n v. Kandakai, Index No. 135131/2017 (N.Y. Sup. Ct. Richmond Cty. Feb. 27, 2017). The $532,000 debt was amortized over a thirty-year term and had a 9.35% adjustable annual interest rate. Compl. Sch. A at 1-2, U.S. Bank Nat'l Ass'n v. Kandakai, Index No. 135131/2017 (N.Y. Sup. Ct. Richmond Cty. Feb. 27, 2017). The initial monthly payment amount was $4,415.24. Id. at 1.

---

[1] The court derives the facts in this section from the allegations set forth in Ms. Kandakai's complaint, including documents incorporated into the complaint by reference, and facts of which the court may take judicial notice pursuant to Rule 201 of the Federal Rules of Evidence.

On April 25, 2008, U.S. Bank, N.A. ("U.S. Bank") filed suit as a result of Ms. Kandakai defaulting on the note. U.S. Bank Nat'l Ass'n v. Kandakai, Index No. 135131/2017, slip op. at 3 (N.Y. Sup. Ct. Richmond Cty. Nov. 23, 2018). The April 25, 2008 suit was filed in the New York Supreme Court for Richmond County ("Richmond County court") under index number 101843/2008. Id. U.S. Bank voluntarily dismissed that action on May 16, 2012. Id.

In the meantime, on May 1, 2011, Ms. Kandakai again defaulted on the note. Compl. ¶ 6, U.S. Bank Nat'l Ass'n v. Kandakai, Index No. 135131/2017 (N.Y. Sup. Ct. Richmond Cty. Feb. 27, 2017). U.S. Bank filed suit to recover the debt in the Richmond County court on February 27, 2017; at that time, the outstanding principal balance on the note was $516,741.50, with interest accruing from April 1, 2011, at 9.35% annually.[2] Id. ¶ 7. In lieu of filing an answer, Ms. Kandakai moved to dismiss the complaint as beyond the applicable statute of limitations pursuant to Rule 3211(a)(5) of the New York Civil Practice Law and Rules ("CPLR").[3] U.S. Bank Nat'l Ass'n v. Kandakai, Index No. 135131/2017, slip op. at 3-4 (N.Y. Sup. Ct. Richmond Cty. Nov. 23, 2018). The Richmond County court denied Ms. Kandakai's motion to dismiss on November 23, 2018. Id. at 2. The court explained that her motion, in addition to being untimely, was meritless:

> Once a mortgage debt is accelerated, the borrower's right and obligation to make monthly installments ceases, all sums become immediately due and payable, and the six-year statute of limitations begins to run on the entire mortgage debt. A lender may revoke its election to accelerate the mortgage through an affirmative act of revocation occurring during the six-year statute of limitations.
>
> Here, the debt was accelerated upon commencement of the first action on April 25, 2008. . . .
>
> . . . [T]he election to accelerate contained in the [April 25, 2008] complaint was nullified [on May 16, 2012] when [U.S. Bank] voluntarily discontinued the prior action[, which] was an affirmative act of revocation. Therefore, the statute of limitations has not run, and [U.S. Bank's] action is timely.

---

[2] The total amount owed—including principal, interest, late charges, inspection fees, escrow items advanced, and property preservation costs—was $831,736.37 as of February 23, 2017. Validation Notice, U.S. Bank Nat'l Ass'n v. Kandakai, Index No. 135131/2017 (N.Y. Sup. Ct. Richmond Cty. June 16, 2017).

[3] Under CPLR 3211(a)(5), a party may move for dismissal of an action based on, among other options, the applicable statute of limitations.

Id. at 4-5 (citations omitted) (citing CPLR 213(4)).[4] A hearing on U.S. Bank's motion for judgment of foreclosure and sale is scheduled for April 17, 2019. Notice, U.S. Bank Nat'l Ass'n v. Kandakai, Index No. 135131/2017 (N.Y. Sup. Ct. Richmond Cty. Mar. 19, 2019).

Ms. Kandakai filed suit in this court on March 13, 2019, seeking a temporary restraining order and permanent injunction pursuant to 18 U.S.C. §§ 1345 and 1348(2). Compl. ¶ 4. She alleges that

> [t]he United States and its agents have committed constructive fraud and fraudulent disposal of personal property on which there is a Security Interest. This case was discontinued and settled in 2012, the New York statute of limitations on mortgages [is] 6 years. This statute expired [in] 2014 and a [third] party law firm b[r]ought the case back under a new index number 135131/2017 which is also a violation under the False Claims Act . . . .

Id. ¶ 3. The remainder of Ms. Kandakai's complaint provides her legal argument for the ability of the United States Court of Federal Claims ("Court of Federal Claims") to entertain her claim. See id. ¶¶ 1, 3.

## II. LEGAL STANDARDS

### A. Pro Se Plaintiffs

Pro se pleadings are "held to less stringent standards than formal pleadings drafted by lawyers" and are "to be liberally construed." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). However, the "leniency afforded to a pro se litigant with respect to mere formalities does not relieve the burden to meet jurisdictional requirements." Minehan v. United States, 75 Fed. Cl. 249, 253 (2007); accord Henke v. United States, 60 F.3d 795, 799 (Fed. Cir. 1995) ("The fact that [the plaintiff] acted pro se in the drafting of [her] complaint may explain its ambiguities, but it does not excuse its failures, if such there be."). In other words, a pro se plaintiff is not excused from her burden of proving, by a preponderance of evidence, that the court possesses jurisdiction. See McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 179 (1936); Banks v. United States, 741 F.3d 1268, 1277 (Fed. Cir. 2014) (citing Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988)).

---

[4] CPLR 213(4) provides a six-year statute of limitations for filing "an action upon a bond or note, the payment of which is secured by a mortgage upon real property . . . ."

## B. Subject-Matter Jurisdiction

Whether the court possesses jurisdiction to decide the merits of a case is a "threshold matter." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998). Subject-matter jurisdiction cannot be waived or forfeited because it "involves a court's power to hear a case." Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006) (quoting United States v. Cotton, 535 U.S. 625, 630 (2002)). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Ex parte McCardle, 74 U.S. (7 Wall) 506, 514 (1868). Therefore, it is "an inflexible matter that must be considered before proceeding to evaluate the merits of a case." Matthews v. United States, 72 Fed. Cl. 274, 278 (2006); accord K-Con Bldg. Sys., Inc. v. United States, 778 F.3d 1000, 1004-05 (Fed. Cir. 2015).

Either party, or the court sua sponte, may challenge the court's subject-matter jurisdiction at any time. Arbaugh, 546 U.S. at 506; see also Jeun v. United States, 128 Fed. Cl. 203, 209-10 (2016) (collecting cases). The court must examine all pertinent issues relevant to subject-matter jurisdiction because "[c]ourts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." Hertz Corp. v. Friend, 559 U.S. 77, 94 (2010); accord Gonzalez v. Thaler, 565 U.S. 134, 141 (2012) ("When a requirement goes to subject-matter jurisdiction, courts are obligated to consider sua sponte issues that the parties have disclaimed or have not presented.").

In determining whether subject-matter jurisdiction exists, the court generally "must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011). If the court finds that it lacks subject-matter jurisdiction over a claim, Rule 12(h)(3) of the Rules of the United States Court of Federal Claims ("RCFC") requires the court to dismiss that claim.

## C. The Tucker Act

The ability of the Court of Federal Claims to entertain suits against the United States is limited. "The United States, as sovereign, is immune from suit save as it consents to be sued." United States v. Sherwood, 312 U.S. 584, 586 (1941). The waiver of immunity "may not be inferred, but must be unequivocally expressed." United States v. White Mountain Apache Tribe, 537 U.S. 465, 472 (2003). The Tucker Act, the principal statute governing the jurisdiction of this court, waives sovereign immunity for claims against the United States, not sounding in tort, that are founded upon the United States Constitution, a federal statute or regulation, or an express or implied contract with the United States. 28 U.S.C. § 1491(a)(1) (2012); White Mountain, 537 U.S. at 472. However, the Tucker Act is merely a jurisdictional statute and "does not create any substantive right enforceable against the United States for money damages." United States v. Testan, 424 U.S. 392, 298 (1976). Instead, the substantive right must appear in another source of law, such as a "money-mandating constitutional provision, statute or regulation that has been violated, or an express or implied contract with the United States." Loveladies Harbor, Inc. v. United States, 27 F.3d 1545, 1554 (Fed. Cir. 1994) (en banc).

## III. ANALYSIS

Ms. Kandakai's complaint in the Court of Federal Claims is an attempt to stop, or at least delay, the foreclosure action pertaining to 145 Nicholas Avenue that is pending in the Richmond County court by obtaining a temporary restraining order and permanent injunction. She contends that she is bringing a qui tam action under the False Claims Act due to U.S. Bank's purported fraud. She also contends that the Court of Federal Claims can entertain her claim pursuant to federal-question jurisdiction. Her legal contentions notwithstanding, the Court of Federal Claims clearly lacks jurisdiction over her claims.

### A. The United States Is the Only Proper Defendant in the Court of Federal Claims

Ms. Kandakai alleges that U.S. Bank has committed "constructive fraud" and "[f]raud on the court" by instituting the Richmond County court lawsuit in 2017 because, she avers, the statute of limitations for instituting such an action expired in 2014. Compl. ¶ 3. Ms. Kandakai's reference to the "United States and its agents" in describing the actions taken by U.S. Bank, id., appears to reflect a belief that U.S. Bank, the lead plaintiff in the Richmond County court lawsuit, is an arm of the federal government. It is not. U.S. Bank is a private entity. See, e.g., U.S. Bancorp, Annual Report (Form 10-K), at 1-2 (Feb. 22, 2019) (reflecting that the stock of U.S. Bank's parent company is sold on the New York Stock Exchange).

However, in the Court of Federal Claims, "the only proper defendant . . . is the United States, not its officers, nor any other individual." Stephenson v. United States, 58 Fed. Cl. 186, 190 (2003); accord RCFC 10(a). Because "the United States itself" is the only proper defendant in the Court of Federal Claims, this court lacks jurisdiction "over any claims alleged against states, localities, state and local government entities, or state and local government officials and employees." Anderson v. United States, 117 Fed. Cl. 330, 331 (2014). Similarly, the Court of Federal Claims lacks jurisdiction "over suits against private parties." Edelmann v. United States, 76 Fed. Cl. 376, 380 (2007). In other words, "if the relief sought [in the Court of Federal Claims] is against other than the United States, the suit as to them must be ignored as beyond the jurisdiction of the court." Sherwood, 312 U.S. at 584. Accordingly, to the extent that Ms. Kandakai complains of improper conduct by parties other than the United States federal government, this court lacks jurisdiction over those claims, and they must be dismissed.

### B. The Court of Federal Claims Lacks Jurisdiction Over Ms. Kandakai's Fraud Claim

To the extent that Ms. Kandakai seeks relief in this court based on alleged tortious conduct, the Court of Federal Claims lacks jurisdiction. 28 U.S.C. § 1491(a)(1); Rick's Mushroom Serv., Inc. v. United States, 521 F.3d 1338, 1343 (Fed. Cir. 2008).

Claims of fraud sound in tort.[5] See, e.g., Lawrence Battelle, Inc. v. United States, 117 Fed. Cl. 579, 585 (2014). Under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b)(1), 2671-2680, jurisdiction over tort claims against the United States lies exclusively in federal district courts. U.S. Marine, Inc. v. United States, 722 F.3d 1360, 1365-66 (Fed. Cir. 2013). The Court of Federal Claims is not a federal district court. Ledford v. United States, 297 F.3d 1378, 1382 (Fed. Cir. 2002); see also Lightfoot v. Cendant Mortg. Corp., 137 S. Ct. 553, 563 (2017) (distinguishing between the "Court of Federal Claims" and "federal district courts"). Therefore, "[w]here the adjudication of a type of claim has been granted to the district courts exclusively, [the Court of Federal Claims] has no jurisdiction to hear the case and must dismiss the matter." Ross v. United States, 122 Fed. Cl. 343, 348 (2015).

### C. The Court of Federal Claims Lacks Jurisdiction Over Ms. Kandakai's False Claims Act Claim

Mr. Kandakai's attempt to advance a qui tam action under the False Claims Act fares no better. Jurisdiction to entertain qui tam actions under the False Claims Act pursuant to 31 U.S.C. § 3730 lies exclusively in federal district courts. 31 U.S.C. § 3732 (2012); LeBlanc v. United States, 50 F.3d 1025, 1031 (Fed. Cir. 1995) ("[Q]ui tam suits may only be heard in the district courts."). Because the Court of Federal Claims is not a federal district court, it lacks jurisdiction to entertain Ms. Kandakai's qui tam claim.

### D. The Court of Federal Claims Lacks Jurisdiction Based on 28 U.S.C. § 1331

In addition to asserting jurisdiction pursuant to the False Claims Act, Ms. Kandakai avers that this court has jurisdiction to entertain her claim based on federal-question jurisdiction.

The federal-question-jurisdiction statute provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (emphasis added). Because the Court of Federal Claims is not a federal district court, it "cannot rely on federal question jurisdiction." Hernandez v. United States, 38 Fed. Cl. 532, 538 (1997). Moreover, 28 U.S.C. § 1331 is a jurisdictional statute only; it is not a money-mandating source of law. Ross, 122 Fed. Cl. at 348 (quoting Hernandez, 38 Fed. Cl. at 537-38). Therefore, Ms. Kandakai cannot use 28 U.S.C. § 1331 to establish jurisdiction in this court.

### E. The Court of Federal Claims Cannot Entertain Collateral Attacks Against the Decisions of Other Courts

At bottom, Ms. Kandakai appears to collaterally attack the Richmond County court's denial of her motion to dismiss the February 27, 2017 action (in which there is an upcoming hearing regarding foreclosure of her personal residence). However, the Tucker Act does not

---

[5] To the extent that the fraud alleged by Ms. Kandakai can be construed as a criminal act, the Court of Federal Claims similarly lacks jurisdiction. See Hufford v. United States, 87 Fed. Cl. 696, 702 (2009) (collecting cases).

provide the Court of Federal Claims with jurisdiction to entertain collateral attacks on the decisions of other courts. See 28 U.S.C. § 1491(a); Vereda, Ltda. v. United States, 271 F.3d 1367, 1375 (Fed. Cir. 2001) (explaining that the Court of Federal Claims lacks jurisdiction to entertain a claim "that requires the court to scrutinize the actions of another tribunal" (internal quotation marks omitted)); Robinson v. United States, 135 Fed. Cl. 556, 558 (2017) ("[I]t is well-established that this court has no power to review, alter or reverse the decisions of a state court.").

Ms. Kandakai's recourse concerning prior adverse decisions is "the statutorily defined appellate process." Shinnecock Indian Nation, 782 F.3d at 1353. In other words, judicial decisions can only be reviewed by the appropriate appellate court. Plaut v. Spendthrift Farm, Inc., 514 U.S. 211, 218-19 (1995). Thus, to the extent that Ms. Kandakai has any recourse, it is available in the Appellate Division of the New York Supreme Court for the Second Judicial Department.

### F. The Court of Federal Claims Lacks Authority to Grant Equitable Relief

Finally, Ms. Kandakai seeks a temporary restraining order and permanent injunction to halt the pending foreclosure of 145 Nicholas Avenue. However, it is well settled that the Court of Federal Claims generally lacks the authority to grant such equitable relief. See Bowen v. Massachusetts, 487 U.S. 879, 905 (1988) (holding that the Court of Federal Claims lacks the "general equitable powers of a district court to grant prospective relief"). This court is only authorized to award equitable relief in certain specified circumstances. See id. at 905 n.40; Gonzales & Gonzales Bonds & Ins. Agency, Inc. v. Dep't of Homeland Sec., 490 F.3d 940, 943 (Fed. Cir. 2007); Kanemoto v. Reno, 41 F.3d 641, 644-45 (Fed. Cir. 1994). None of those circumstances applies here. See 28 U.S.C. § 1491(a)(2) (providing the court with jurisdiction to issue, "as incident of and collateral to" an award of money damages, "orders directing restoration to office or position, placement in appropriate duty or retirement status, and correction of applicable records"); id. (providing the court with jurisdiction to render judgment in nonmonetary disputes arising under the Contract Disputes Act of 1978); id. § 1491(b)(2) (providing the court with jurisdiction to award declaratory and injunctive relief in bid protests); id. § 1507 (providing the court with jurisdiction to issue declaratory judgments under 26 U.S.C. § 7428).

Ms. Kandakai does not request money damages. She instead relies on 18 U.S.C. §§ 1345 and 1348(2) for the authority to seek equitable relief. However, proceedings under title 18 of the United States Code must be brought in federal district courts. See Joshua v. United States, 17 F.3d 378, 379-80 (Fed. Cir. 1994) (affirming that the Court of Federal Claims "has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code" (internal quotation marks omitted)).

In short, this court lacks jurisdiction to award equitable relief in the instant case.

### IV. MS. KANDAKAI'S APPLICATION TO PROCEED <u>IN FORMA PAUPERIS</u>

To proceed with a civil action in this court, a plaintiff must either pay $400 in fees—a $350 filing fee plus a $50 administrative fee—or request authorization to proceed without payment of fees by submitting a signed application to proceed <u>in forma pauperis</u>.[6] <u>See</u> 28 U.S.C. §§ 1915, 1926; RCFC 77.1(c); <u>see also</u> <u>Waltner v. United States</u>, 93 Fed. Cl. 139, 141 n.2 (2010) (concluding that 28 U.S.C. § 1915(a)(1) applies to both prisoners and nonprisoners alike). Plaintiffs wishing to proceed <u>in forma pauperis</u> must submit an affidavit that (1) lists all of their assets, (2) declares that they are unable to pay the fees, and (3) states the nature of the action and their belief that they are entitled to redress. 28 U.S.C. § 1915(a)(1). Evaluation of a plaintiff's ability to pay is "left to the discretion of the presiding judge, based on the information submitted by the plaintiff." <u>Alston-Bullock v. United States</u>, 122 Fed. Cl. 38, 45 (2015).

Ms. Kandakai filed, concurrent with her complaint, an application to proceed <u>in forma pauperis</u>. Ms. Kandakai has fulfilled all three requirements of 28 U.S.C. § 1915(a)(1), and the court is satisfied that she is unable to pay the filing fee otherwise required by RCFC 77.1(c). Therefore, the court grants Ms. Kandakai's application and waives her filing fee.

### V. CONCLUSION

The Court of Federal Claims lacks jurisdiction over Ms. Kandakai's claims. Accordingly, her complaint is **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction. No costs. The clerk is directed to enter judgment accordingly.

In addition, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith because, as asserted, Ms. Kandakai's claims are clearly beyond the subject-matter jurisdiction of this court. Her recourse, if any, is available through appellate review in New York state court.

**IT IS SO ORDERED.**

MARGARET M. SWEENEY
Chief Judge

---

[6] While the Court of Federal Claims is not generally considered to be a "court of the United States" within the meaning of title 28 of the United States Code, 28 U.S.C. § 451, the court has jurisdiction to adjudicate applications to proceed <u>in forma pauperis</u>. <u>See</u> 28 U.S.C. § 2503(d) (deeming the Court of Federal Claims to be a "court of the United States" for purposes of 28 U.S.C. § 1915).